IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ISMAEL CARRIZALES AND § <br> OLGA CARRIZALES § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> GEOVERA SPECIALTY INSURANCE § <br> COMPANY AND JUAN BUENDIA, § <br> § <br> Defendants. § | | No. _____ <br><br> JURY DEMAND |

## DEFENDANTS GEOVERA SPECIALTY INSURANCE COMPANY AND JUAN BUENDIA'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, GeoVera Specialty Insurance Company ("GeoVera") and Juan Buendia ("Buendia") (collectively "Defendants") file this Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1. On March 12, 2015, Plaintiffs Ismael Carrizales and Olga Carrizales filed their Original Petition in the matter styled *Ismael Carrizales and Olga Carrizales v. GeoVera Specialty Insurance Company and Juan Buendia*, Cause No. C-1080-15-G, in the 370th Judicial District Court of Hidalgo County, Texas. The lawsuit arises out of a claim Plaintiffs made for damages to their home under a homeowner's insurance policy with GeoVera Specialty Insurance Company.

2. Plaintiffs served Juan Buendia with a copy of the Original Petition on or about May 21, 2015 and served GeoVera with a copy of the Original Petition on or about June 4, 2015.

3. GeoVera files this notice of removal within 30 days of receiving Plaintiffs' pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action.

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

5. As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules, simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of State Court Documents, a copy of the Docket Sheet is attached as Exhibit "B," a copy of Plaintiffs' Original Petition is attached as Exhibit "C," a copy of the Citation issued on GeoVera Specialty Insurance Company along with proof of service is attached as Exhibit "D," a copy of the Citation issued on Juan Buendia along with the officer's return is attached as Exhibit "E," a copy of Juan Buendia's Original Answer is attached as Exhibit "F," and a copy of GeoVera Specialty Insurance Company' Original Answer is attached as Exhibit "G." A list of all counsel of record is attached hereto as Exhibit "M."

6. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Hidalgo County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

A. **The Proper Parties Are Of Diverse Citizenship**

8. Upon information and belief, Plaintiffs are, and were at the time the lawsuit was filed, residents and citizens of Texas. *See* Pls' Original Pet., Exhibit C, § II.

9. Defendant GeoVera is, and was at the time the lawsuit was filed, a citizen of California. GeoVera is an insurance company incorporated under the laws of the State of California, with its principal place of business in Fairfield, California.

10. Upon information and belief, Defendant Juan Buendia ("Buendia") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Buendia, it is Defendants' position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Buendia should be disregarded for the purposes of evaluating diversity in this matter.

11. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. GeoVera Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12. Here, Plaintiffs assert generic claims against Buendia for violations of the Texas Insurance Code. *See* Pls' Orig. Pet. § VI, Exhibit C; *see also* § VI of Plaintiffs' Original Petition in *Vasquez and Regaldo v. Scottsdale Insurance Company and David Markus-Rankin*, Cause No. 14-12-53964-CN filed in the 79th Judicial District Court in and for Jim Wells County, Texas (alleging identical allegations against the Adjuster Defendant David Markus-Rankin) attached

hereto as Exhibit "H"; *see also Alea Loredo v. Allstate Indemnity Company and Roger Boyles*, Cause No. C130113C filed in the 340th Judicial District Court in and for Tom Green County, Texas (alleging identical allegations against the Adjuster Defendant Roger Boyles) attached hereto as Exhibit "I". Based on Plaintiffs' pleading, there is no basis for predicting that Plaintiffs might be able to establish liability against Buendia because no real facts relating to him have been set forth. Plaintiffs' claims against Buendia consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). S*ee also Memorandum Order and Opinion in Plascencia v. State Farm Lloyds, et al.,* Civil Action No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (holding the adjuster defendant was fraudulently joined and denying remand) as Exhibit "J*"*; *Memorandum Opinion and Order in Hershon v. State Farm Lloyds, et al.,* Civil Action No. 4:15-CV-312-A (N.D. Tex. May 27, 2015) (holding the adjuster defendant was fraudulently joined and denying remand) as Exhibit "K*"*; *Order in China Gate Hotel v. Penn-America Ins. Co., et al.,* Civil Action No. 1:15-CV-292-RP (W.D. Tex. June 11, 2015) (holding the adjuster defendant was fraudulently joined and denying remand) attached as Exhibit "L".

As such, Plaintiffs cannot "establish a cause of action against [Buendia] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. GeoVera Specialty Insurance Company*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiffs might be able to recover against Buendia, his presence should be disregarded in determining diversity jurisdiction.

13. Because Plaintiffs are citizens of Texas and Defendant GeoVera is a citizen of California, complete diversity of citizenship exists among the proper parties.

**B.   The Amount in Controversy Exceeds $75,000.00**

15. This is a civil action in which the amount in controversy exceeds $75,000. Plaintiffs' Petition expressly alleges that "Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000." *See* Exhibit C, § XI. Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

### Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendants GeoVera Specialty Insurance Company and Juan Buendia hereby remove this case to this Court for trial and determination.

Respectfully submitted,

/s/  Rhonda J. Thompson
Rhonda J. Thompson, Attorney-In-Charge
State Bar No.:  24029862
Southern District No.: 17055
Adrienne B. Hamil, Of Counsel
State Bar No.:  24069867
Southern District No.: 2276091
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
E-mail:   rthompson@thompsoncoe.com
            ahamil@thompsoncoe.com
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that on June 26, 2015 a true and correct copy of the foregoing has been forwarded to counsel of record in accordance with the applicable Rules of Civil Procedure:

**Via Email and Certified Mail, RRR:**
Kevin S. Baker
Michelle C. Le
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
kevin@krwlawyers.com
michelle@krwlawyers.com
*Counsel for Plaintiffs*

                                                      */s/Adrienne B. Hamil*
                                                       Adrienne B. Hamil